UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WINSTON JUDGE,**

**Plaintiff,**

vs.                                                Case No.: 3:13-cv-01199-TJC-MCR

**CONSOLIDATED CITY OF JACKSONVILLE,**

**Defendant**
_____/

**PLAINTIFF'S EMERGENCY MOTION FOR CLARIFICATION FROM THE COURT REGARDING THE REPRESENTATION AND FEE AGREEMENT BETWEEN PLAINTIFF AND HIS COUNSEL**

Undersigned counsel was asked by the Court to represent Plaintiff Winston Judge in this action. The terms of representation were verbally specified by the Court at the inception of the case, but did not anticipate or make allowance for a situation where the case was settled before disposition by the Court. Undersigned counsel now requests clarification from the Court regarding their obligations under their Representation and Fee Agreement ("Fee Agreement") with Plaintiffs, and asks the Court for guidance on how to proceed with settlement negotiations. This matter is designated as an Emergency Motion because there are Motions for Summary Judgment pending, and time is therefore of the essence.

**MEMORANDUM**

On or about May 4th, 2015, Judge Richardson contacted attorney Scott Fortune and asked if Mr. Fortune would agree to represent the Plaintiff in this case. Judge Richardson stated that as a condition of representation, the Plaintiff was not to be required to pay a contingent fee or to reimburse Mr. Fortune for costs expended on the case. Judge Richardson stated that the Court

would consider an award of fees and costs for Plaintiff's counsel at the conclusion of the case. Mr. Fortune undertook representation on that basis and entered into a written Fee Agreement with Plaintiff on that basis. Now, 2 years and 3 months after signing the Fee Agreement, Mr. Fortune has incurred substantial billable hours and substantial expenses representing Mr. Judge. Among other things, Plaintiff's counsel has deposed ten (10) witnesses and Plaintiff has been extensively deposed by Defendant. Extensive written discovery and thousands of pages of documents have been exchanged.

During approximately May 2016, attorney Kirsten Doolittle agreed to assist Mr. Fortune by taking primary responsibility for responding to Defendant's Motion for Summary Judgment against Plaintiff Prudencia Fray-Savage, and by assisting as well with the case brought by Plaintiff Winston Judge. Since that date, Ms. Doolittle has incurred substantial time and expense representing Plaintiffs.

The parties have been engaged in settlement negotiations for several months. During that process, Plaintiff's counsel advised Defendant of the nature of the Fee Agreement with Plaintiff, requesting that Plaintiff's claims be settled first and that attorneys' fees and costs be resolved separately, either by the parties, or by the Court. On August 22, 2017, Defendant made its most recent offers to settle the claims of both Plaintiffs for lump sum amounts, inclusive of attorneys' fees and costs. Neither offer, however, includes any separately designated amount for attorneys' fees or costs. Accordingly, Plaintiffs' counsel requests clarification from the Court in order to properly explain to Plaintiff the offer that has been made, namely, whether Plaintiff's counsel will be compensated from the amount paid to Plaintiff and, if not, whether Defendant may require Plaintiff to sign a settlement agreement with Defendant which purports to be inclusive of

attorneys' fees and costs, to the extent such agreement would preclude the Court from making any award of fees or costs to Plaintiff's counsel.

The undersigned has conveyed each of Defendant's offers to Plaintiff, and has notified Plaintiff of the need for filing this Motion. Plaintiff Winston Judge has expressed understanding and agreement with the need for filing this Motion. The undersigned also has conferred multiple times with Derrel Chatmon, Esquire, counsel for Defendant about this motion, and is authorized to state that Mr. Chatmon does not consent to this motion and may file an objection on behalf of Defendant

Dated this 25th day of August, 2017,

**FORTUNE LAW OFFICES**

/s/ *Scott Thomas Fortune*
**SCOTT THOMAS FORTUNE**
**Florida Bar No. 342815**
1807 3rd Street North
Jacksonville Beach, FL 32250
SFortune@FortuneLegal.com
Legal@FortuneLegal.com
(904) 246-2125 (phone)
(904) 246-1551 (fax)


**THE LAW OFFICE OF**
**KIRSTEN DOOLITTLE, P.A.**

/s/Kirsten Doolittle
**KIRSTEN DOOLITTLE**
Florida Bar No.: 0942391
207 North Laura Street, Ste 240
Jacksonville, Florida 32202
Telephone: (904) 551-7775
Facsimile: (904) 513-9254
Email: kd@kdlawoffice.com
*Trial Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been filed this 25th day of August, 2016, using the Court's CM/ECF system, which will send an email to all counsel of record.

**FORTUNE LAW OFFICES**

/s/ *Scott Thomas Fortune*
**SCOTT THOMAS FORTUNE**
Florida Bar No. 342815
1807 3rd Street North
Jacksonville Beach, FL 32250
Telephone: 904.246.2125
Facsimile: 904.246.1551
(P) SFortune@FortuneLegal.com
(S) BCampbell@FortuneLegal.com
(S) Legal@FortuneLegal.com
*Trial Counsel for Plaintiff*